UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| ANDY DONALD PEARSON and NATHAN S. CHAVEZ, | Case No. 3:25-cv-00363-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| CARSON CITY SHERIFFS DEPT./JAIL, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiffs Andy Donald Pearson and Nathan S. Chavez, who are incarcerated at the Carson City Jail, have submitted a class action civil rights complaint under 42 U.S.C. § 1983 ("Class Action Complaint"). (ECF No. 1-1.) Neither Plaintiff has filed an application to proceed *in forma pauperis* ("IFP Application") nor paid the full $405 filing fee for a civil action. (ECF No. 1.) Pearson and Chavez both signed the Class Action Complaint and seek class action certification on behalf of themselves and all inmates in Nevada and California jails and prisons who have been tracked without consent in an illegal human medical experimentation research study known as the T.B.I. Clinical Study. (*Id.* at 1-2, 6.)

Here, Pearson and Chavez are attempting to represent numerous inmates, which they cannot do. *Pro se* litigants have the right to plead and conduct their own cases personally. *See* 28 U.S.C. § 1654. However, *pro se* litigants have no authority to represent anyone other than themselves. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). As such, the Court denies Pearson and Chavez's request to certify the class.

The Court dismisses the Class Action Complaint (ECF No. 1-1) in its entirety without prejudice. Pearson and Chavez may each pursue their own respective claims in their own lawsuits. If Pearson and Chavez wish to pursue their own respective claims,

they may each file an IFP Application or pay the full $405 filing fee for a civil action[1] and each submit a new complaint to the Clerk of the Court that only references allegations pertaining to themselves.

It is ordered that the Clerk of the Court file the Class Action Complaint (ECF No. 1-1).

It is further ordered that the Class Action Complaint (ECF No. 1-1) is dismissed in its entirety without prejudice but without leave to amend.

It is further ordered that, if either Pearson or Chavez wishes to pursue his own claims, they may each file either an IFP Application or pay the full $405 filing fee and submit their own complaints to the Clerk of the Court.

It is further ordered that the Clerk of the Court send Pearson and Chavez copies of: (1) the Class Action Complaint (ECF No. 1-1); (2) the approved form for filing a § 1983 complaint with instructions; and (3) an IFP Application for an inmate with instructions.

It is further ordered that the Clerk of the Court close the case and enter judgment accordingly.

DATED THIS 23rd Day of July 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." Nev. L-R 1-1. For an inmate to apply for IFP status, the inmate must submit the following documents to the Court: (1) a completed Application to Proceed *in Forma Pauperis* for Inmate, which is pages 1-3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed Financial Certificate, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the inmate's prison or jail trust fund account statement for the previous six-month period. *See* 28 U.S.C. § 1915(a)(1)-(2); Nev. L-R 1-2. IFP status does not relieve an inmate of his or her obligation to pay the filing fee; rather, it means the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).